UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE BRINGAS AND CARMEN BALDERAS, individually and as parents and next friends of BRAULIO A. BRINGAS, a disabled minor, | ) ) ) ) | |
| | ) | No. 08 C 435 |
| Plaintiffs, | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Introduction**

This is a medical malpractice action arising out of injuries sustained by an infant in the course childbirth. The complaint should be dismissed for lack of subject matter jurisdiction inasmuch as plaintiffs' failed to submit a prerequisite administrative claim within two years of the claim's accrual as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.

**Facts**

This is a refiling of a prior medical malpractice case which had been dismissed for failure to exhaust administrative remedies. Complaint at ¶ 7; s*ee Bringas, et al, v. Kosanovich*, No. 07 C 3888 (Zagel, J.). The action had originally been filed on January 25, 2007, in the Circuit Court of Cook County against Dr. Mark Kosanovich, an obstetrician, who was involved in the delivery of the infant on January 12, 2005. Complaint at ¶¶ 1, 2, 3, 7. On May 7, 2007, plaintiffs filed an administrative tort claim with the U.S. Department of Health and Human Services ("HHS"), describing the injury as a brain injury which caused permanent physical and mental impairment, citing the date of injury as January 12, 2005, and seeking $60 million dollars. Ex. A.

The United States removed the state court action to federal court on July 10, 2007, inasmuch

as Dr. Kosanovich was deemed a federal employee.  On January 14, 2008, that action was dismissed

for plaintiffs' failure to exhaust remedies.  Ex. B.  Plaintiffs filed this second federal court action on

January 18, 2008, on allegations that the delivery by caesarean section was untimely.  Complaint at

¶ 8.

## Argument

## This Should Be Dismissed Because Plaintiffs Did Not File an Administrative Claim Within Two Years of the Claim's Accrual.

### A.  Plaintiffs' Administrative Claim Was Presented Too Late.

The two-year statute of limitations bars the suit.  The FTCA provides that "[n]o one may file

suit under the Federal Tort Claims Act without first making an administrative claim."  28 U.S.C. §

2675(a); *McNeil v. United States,* 508 U.S. 106 (1993).  The administrative tort claim must be

presented to the appropriate federal agency within two years after the claim accrues or else it is

"forever barred." 28 U.S.C. § 2401(b); *Kanar v. United States,* 118 F.3d 527, 528 (7th Cir. 1997).

This limited waiver of sovereign immunity must be strictly construed in the United States' favor.

*United States v. Testan,* 424 U.S. 392, 399 (1976); *Soriano v. United States,* 352 U.S. 270 (1957)

(terms and conditions set boundaries for court's subject matter jurisdiction over tort suits against

United States); *McCall ex rel. Estate of Bess v. United States*, 310 F.3d 984, 988 (7th Cir. 2002)

(courts "are not free to construe the FTCA's statute of limitations broadly").

Accrual of an FTCA claim is governed by federal law.  *United States v. Kubrick,* 444 U.S.

111, 119 (1979).  An FTCA claim accrues when the plaintiff has discovered his injury and its

probable cause, and not at some later time when he also knows that the acts inflicting the injury may

constitute medical malpractice.  *Massey v. United States*, 312 F.3d 272, 276-277 (7th Cir. 2002);

*Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).  The accrual of a claim does not "await

awareness by the plaintiff that his injury was negligently inflicted."  *Massey*, 312 F.3d at 277.

The FTCA's two-year deadline is considered jurisdictional and the failure to meet the deadline is appropriately addressed for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Goodhand v. United States*, 40 F.3d 209, 214 (7th Cir. 1994) (statute of limitations is jurisdictional in an FTCA suit); *Crawford v. United States*, 796 F.2d 924, 928-930 (7th Cir.1986) (FTCA's statute of limitations issue is a preliminary jurisdictional matter to be dealt with under Rule 12(b)(1)). Plaintiff has the burden of showing he met the two-year deadline. *McCall v. United States*, 310 F.3d 984, 987 (7th Cir. 2002); *Crawford*, 796 F.2d at 928. In considering a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction, a district court may look beyond the pleadings and consider all competent evidence. *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989) (Rule 12(b)(1) motion to dismiss may be supported by whatever documents might be necessary to resolve the jurisdictional problem).

The cause of action in this case accrued on January 12, 2005, which is the date the child was born and the date cited as the date of injury in plaintiffs' administrative tort claim. Plaintiffs missed the deadline of January 12, 2007, for the filing of their administrative claim. The administrative tort claim filed on May 7, 2007, was several months too late.

**B. State Tolling Principles for Minority Do Not Apply to the FTCA's Statute of Limitations**.

Plaintiffs cannot avoid the FTCA's statute of limitations by invoking Illinois provisions which toll statutes of limitation by virtue of the injured child's minority status in order to negate the FTCA's statute of limitations. Under *federal* law, a plaintiff's minority does not toll the administrative statute of limitations associated with the FTCA. *McCall v. United States,* 310 F.3d 984, 988 (7th Cir. 2002), *cert. denied,* 538 U.S. 946 (2003) (FTCA's statute of limitations is not tolled during the period of a putative plaintiff's minority). The Seventh Circuit discussed the fact that in 1989 Congress considered, but did not adopt, an amendment to the FTCA to create a tolling

3

exception for minors. *McCall,* 310 F.3d at 988. Other circuits have held likewise. "It is well established that state (and commonwealth) tolling rules do not affect the two-year statute of limitations applicable to federal claims." *Vega-Velez v. United States,* 800 F.2d 288, 290 (1st Cir. 1986). *See also Pipkin v. U.S. Postal Service,* 951 F.2d 272, 274-75 (10th Cir. 1991); *MacMillan v. United States,* 46 F.3d 377, 381 (5th Cir. 1995); *Zavala by Ruiz v. United States,* 876 F.2d 780, 783 (9th Cir. 1989); *Leonhard v. United States,* 633 F.2d 599, 624 (2d Cir. 1980). Thus, the injured child's minority status cannot toll the FTCA's two-year deadline.

### C. It Does Not Matter Whether Plaintiffs Were Aware of Dr. Kosanovich's Federal Employee Status.

Any lack of knowledge that Dr. Kosanovich was a federal employee cannot be invoked to avoid the FTCA's two-year statute of limitations. Federal law is clear that, absent extraordinary circumstances, "the statute of limitations under the FTCA does not wait until a plaintiff is aware that an alleged tortfeasor is a federal employee.'" *Skwira v. United States,* 344 F.3d 64, 76 (1st Cir. 2003) (quoting *Gould v. U.S. Dept. Of Health and Human Services,* 905 F.2d 738, 745 (4th Cir. 1990), *cert. denied,* 498 U.S. 1025 (1991). In fact, in the medically related tort context, such as that found here, a plaintiff "need not know of a governmental causal connection for a claim to accrue under the FTCA." *Skwira,* 344 F.3d at 77. Thus, any unawareness that Dr. Kosanovich was a federal employee did not toll the two-year deadline.

### D. The Savings Provision in the FTCA Will Not Salvage the Late Claim.

Plaintiffs cannot invoke the FTCA's "savings" provision to comply with the two-year statute of limitations. Under the FTCA "savings" provision, a late administrative claim will be deemed timely if plaintiffs can show that they filed their original malpractice lawsuit against a federal employee within the two-year limitation period. 29 U.S.C. § 2679(d)(5). Section 2679(d)(5) provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Under this savings provision, plaintiffs' May 7th administrative claim would be deemed to have been timely presented of January 25, 2007 when their underlying civil action was commenced against Dr. Kosanovich in the Circuit Court of Cook County.  But even the January 25th date is two weeks too late since the statute of limitations ran on January 12, 2007.  Thus, the FTCA's savings provision is of no help to plaintiffs.

## Conclusion

For the foregoing reasons, the court should dismiss this case against the United States for lack of subject matter jurisdiction.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Jack Donatelli
JACK DONATELLI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
jack.donatelli@usdoj.gov