**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE BRINGAS AND CARMEN BALDERAS, INDIVIDUALLY AND AS PARENT AND NEXT FRIENDS OF BRAULIO A. BRINGAS, a disabled minor, | ) ) ) ) ) |
| Plaintiffs. | ) ) ) |
| v. | ) No. 08 CV 435 ) Honorable Wayne R. Andersen |
| THE UNITED STATES OF AMERICA, | ) Magistrate Judge Jeffrey Cole ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, JOSE BRINGAS AND CARMEN BALDERAS, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF BRAULIO A. BRINGAS, a disabled minor, and in response to the Government's Motion to Dismiss, states as follows:

## I. INTRODUCTION

This is a medical malpractice birth injury case filed against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq. The Government has filed a Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. In essence, the Government alleges that the Plaintiffs have not plead that the claim was presented within the applicable limitations period. For the reasons discussed below, examination of the Plaintiffs' Complaint reveals that facts have been sufficiently plead and the motion should be denied.

## II. LIMITATIONS AND DISCOVERY RULE

A.     **Limitations**

28 U.S.C. §2401(b) provides that a tort claim against the Government must be presented in writing to the appropriate government agency within two (2) years after a claim

accrues. For the purposes of the FTCA, the Plaintiff presents a claim by filing Form 95 with the Department of Health and Human Services ("HHS"). The Government then has six (6) months to settle or deny the claim. If it denies the claim, or six (6) months passes without action, then the Plaintiff may file a lawsuit. The FTCA "Savings Provision" provides that if an original lawsuit is dismissed for failure to first present a claim to the appropriate government agency, and the claim is presented within sixty (60) days from the dismissal, then the claim will be deemed to have been presented on the date the original lawsuit was filed. 28 U.S.C. 2679(d)(5).

**B.     Discovery Rule**

The Government correctly acknowledges the "Discovery Rule" as it is applied to medical negligence cases under the FTCA: An FTCA claim accrues when the plaintiff has discovered the injury and its probable cause. *United States v. Kubrick*, 444 U.S. 111 (1979); *Massey v. United States*, 312 F.3d 272 (7th Cir. 2002).

### III. TIMELINE

The original complaint was filed in the Circuit Court of Cook County, Illinois on January 25, 2007. Thereafter, the Plaintiffs were advised that Mark E. Kosanovich, M.D. had been "deemed" a Federal employee and the case was removed to the Northern District of Illinois. See *Bringas v. Kosanovich*, No. 07 C 3888 (Zagel, J.). Plaintiffs filed their Form 95 with the Department of Health and Human Services ("HHS") on May 7, 2007. *See* Government's Memorandum, Exhibit A. When six (6) months passed without a response, the Plaintiffs deemed it a final denial of the claim pursuant to 28 U.S.C. 2675(a), and when the initial complaint was ultimately dismissed by Judge Zagel as premature on January 14, 2008, the Plaintiffs refiled this action on January 18, 2008. *See* Complaint attached hereto as Exhibit P-1.

## IV. PLAINTIFFS' COMPLAINT

Examination of the Complaint reveals that the Plaintiffs' have invoked jurisdiction by pleading that:

> At all times relevant, Mark E. Kosanovich, M.D. was acting as an employee of the United States of America pursuant to the FTCA. Complaint (P-1), Count I, Paragraph 2.

> Braulio Bringas did not, nor through the exercise of reasonable diligence could have, discovered his injury and its cause until, at the very earliest, a six month follow-up visit to the pediatric neurology clinic on July 14, 2005. Complaint (P-1), Count I, Paragraph 6.

## V. RULE 12(b)(1)

### A.    Applicability

As an initial matter, this Court has previously addressed Rule 12(b)(1) in the context of dismissing an FTCA claim for failure to present a timely administrative claim:

> The FTCA requires a plaintiff to have presented his claim to the appropriate federal agency before filing suit. 28 USC §2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Although this administrative exhaustion requirement is sometimes called "jurisdictional," the Supreme Court in *McNeil* did not designate it as such, and the Seventh Circuit understands it is a prerequisite to suit rather than a limit on the court's subject-matter jurisdiction, *Kanar v. United States*, 118 F.3d 527, 529-30 (7th Cir. 1997).

> \* \* \* \*

> Because no answer to the complaint has been filed, Rule 12(b) limits the defenses that can be raised by motion to dismiss. The United States has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). While FTCA claims are frequently dismissed under Rule 12(b)(1) when the plaintiff has submitted no administrative claim or an inadequate one, *Kanar* indicates that dismissal for lack of subject-matter jurisdiction is inappropriate. According to *Kanar*, §2675 is only a limitation on the United States' waiver of sovereign immunity; subject-matter jurisdiction is conferred by 28 U.S.C. §1346(b)(1). *Kanar*, 118 F.3d at 529-530; *see also Clark v. United States*, 326 F.3d 911, 913 (7th

Cir. 2003).  The Seventh Circuit acknowledged in *Kanar* that §2675 can be called "jurisdictional" "in the loosest sense," as "a condition precedent to the plaintiff's ability to prevail." *Kanar*, 118 F.3d at 530.  Nevertheless, we are unwilling to assume that Rule 12(b)(1) is speaking loosely in referring to "lack of jurisdiction over the subject matter of the action."

*Bontkowski v. U.S.*, Not Reported in F.Supp.2d, 2003 WL 21281763 (N.D. Ill. 2003) (Memorandum Opinion and Order, Andersen, J.), attached hereto as Exhibit P-2.

Accordingly, Plaintiffs respectfully suggest that the use of Rule 12(b)(1) to attempt to dismiss the Complaint for lack of subject matter jurisdiction in this case is not appropriate.

### B.    Standard

Assuming, *arguendo,* that use of Rule 12(b)(1) is appropriate in the present context, a court will accept all of the well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff, and dismissal is appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle it to relief.  *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004) (affirming Andersen, J.).

### VI. DISCUSSION

### A.    When Did the Clock Start Ticking?

In this case, the Plaintiffs have plead, and for the purposes of this motion must be taken as true, that they did not nor could have discovered the injury and its probable cause until, at the very earliest, a six month follow-up visit to the pediatric neurology clinic on July 14, 2005. Accordingly, pursuant to the Discovery Rule, the limitations clock could not have started ticking any earlier than that date.

**B.    When Did the Clock Stop Ticking?**

Certainly the clock was stopped as of the date Form 95 was received by HHS, May 7, 2007.  However, under the FTCA's Savings Provision, 28 U.S.C. §2679(d)(5), the clock will be deemed to have stopped ticking as of the date the underlying complaint was filed in state court on January 25, 2007.  By either measure, the clock was stopped prior to two (2) years from the earliest possible date of discovery, which would have been July 14, 2007.

## V. RESERVATION

The Plaintiffs acknowledge that, under certain circumstances, this Court may look beyond the Complaint and treat a motion to dismiss as one for summary judgment.  However, the Plaintiffs' believe that marshalling evidence such as affidavits, testimony and medical records at this juncture in response to this motion would be overkill.  If this Court were to consider treating the present motion as one for summary judgment, the Plaintiffs respectfully request the opportunity to supplement their response with the appropriate evidentiary support.

## VI. CONCLUSION

For the aforementioned reasons, the Plaintiffs have plead sufficient facts to invoke jurisdiction and state a claim upon which relief can be granted.  Accordingly, the Government's Motion to Dismiss should be denied.

PATRICK J. KENNEALLY, LTD.



s/ Robert F. Geimer
Robert F. Geimer

PATRICK J. KENNEALLY, LTD.
30 North LaSalle Street, Suite 4030
Chicago, Illinois  60602
(312) 236-2522

5

*Plaintiffs' Response to Defendant's Motion to Dismiss*