## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 435 | **DATE** | July 25, 2008 |
| **CASE TITLE** | Jose Bringas vs. United States of America | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [8] is denied.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

This matter is before the court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth before, the motion to dismiss [8] is denied.

Plaintiffs Jose Bringas and Carmen Balderas, individually and as parents and next friends of Braulio Bringas, filed a medical malpractice claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Plaintiffs allege Dr. Mark E. Kosanovich, an obstetrician employed by the United States, caused serious and permanent injury to their son, Braulio Bringas, during his birth on January 12, 2005 by failing to perform an emergency cesarean section. On July 14, 2005, plaintiffs allege that Braulio's injury first was discovered during a six month follow-up visit to a pediatric neurology clinic.

Plaintiffs' original complaint was filed in the Circuit Court of Cook County, Illinois on January 25, 2007. This action was ultimately dismissed without prejudice for failure to exhaust administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a). Plaintiffs filed an administrative tort claim on May 7, 2007. The United States failed to respond to the administrative claim within six months effecting a final denial of the claim pursuant to 28 U.S.C. § 2675(a). On January 18, 2008, plaintiffs filed the current action, and the government has moved to dismiss the complaint for lack of subject matter jurisdiction on the grounds that plaintiffs failed to submit the claim to the appropriate agency within two years of the claim's accrual as required by the FTCA, 28 U.S.C. § 2675(a).

The government asserts that plaintiffs' medical malpractice claim accrued on January 12, 2005, the date Braulio was born and the date of injury plaintiffs cited in their administrative tort claim. The government argues that the two-year period of limitation expired on January 12, 2007 before plaintiffs filed their administrative tort claim. The government urges this court to dismiss plaintiffs' complaint because the two-year statute of limitations bars plaintiffs' current suit. We decline to do so.

**STATEMENT**

Under Rule 12(b)(1), claims can be dismissed for lack of subject matter jurisdiction. In ruling on a motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The FTCA requires a plaintiff to present his claim in writing to the appropriate federal agency within two years after it accrues. 28 U.S.C. § 2675(a). If a plaintiff fails to do so, the claim is "forever barred." 28 U.S.C. § 2401(b). Under the discovery rule, "[m]edical malpractice claims under the FTCA accrue when a plaintiff has discovered his injury and its probable cause." *Massey v. United States*, 312 F3d 272, 276 (7th Cir. 2002) (quoting *Green v. United States*, 765 F.2d 105, 107 (7th Cir. 1985)).

Here, plaintiffs allege in their complaint that Braulio's injury was not, nor could have been, discovered until his six month follow-up visit to the pediatric neurology clinic on July 14, 2005. Accepting this allegation as true and applying the FTCA discovery rule, we determine that plaintiffs' claim accrued on July 14, 2005. Thus, plaintiffs' administrative tort claim was timely filed on May 7, 2007 and tolled the two-year statute of limitations before the July 14, 2007 deadline.

For these reasons, the United States' motion to dismiss [8] for lack of subject matter jurisdiction is denied.